## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| **MICHAEL DESHUN HOLLAND, JR,** | § | |
| **MOVANT,** | § | |
| | § | |
| **V.** | § | **CIVIL CASE NO. 3:19-CV-991-L-BK** |
| | § | (**CRIMINAL CASE NO. 3:16-CR-116-L-1**) |
| | § | |
| **UNITED STATES OF AMERICA,** | § | |
| **RESPONDENT.** | § | |

### FINDINGS, CONCLUSIONS AND RECOMMENDATION
### OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to 28 U.S.C. § 636(b) and *Special Order 3*, Movant Michael Holland's motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 was referred to the United States magistrate judge for case management, including the issuance of findings and a recommended disposition where appropriate. As detailed herein, the motion should be **GRANTED.**

In 2017, Holland pled guilty to Count One of the Indictment, charging him with Conspiracy to Interfere with Commerce by Robbery, in violation of 18 U.S.C. § 1951(a), and Count Four, charging him with Using, Carrying, and Brandishing a Firearm During and In Relation To a Crime of Violence (Count One), in violation of 18 U.S.C. § 924(c)(1)(A)(ii). He was sentenced to 100 months' imprisonment on Count One, and a 120-month consecutive term on Count Four, for an aggregate prison sentence of 220 months. *United States v. Holland*, No. 3:16-CR-116-L-1, Crim. Doc. 150 (N.D. Tex., June 6, 2017). Holland did not file a direct appeal.

Nearly two years later, on April 24, 2019, Holland filed the instant Section 2255 motion. He contends his counsel rendered ineffective assistance by failing to file a notice of appeal and

raise a speedy trial violation. Doc. 2 at 4-6. In his amended Section 2255 motion, he adds an additional claim challenging his Section 924(c) conviction on Count Four (predicated on his conviction of conspiracy alleged in Count One) under the holding of *United States v. Davis*, ___ U.S. ___, 139 S. Ct. 2319 (2019) that the residual clause definition of "crime of violence" under § 924(c)(3)(B) is unconstitutionally vague. Doc. 9 at 7; Doc. 10 at 4-5.

In its *Supplemental Response*, the Government acknowledges that Holland's Section 924(c) conviction should be vacated and that he must be resentenced on his count-one conviction for conspiracy to interfere with commerce by robbery. Doc. 21 at 1-2. The Government also asserts that Holland's first two claims are nevertheless untimely and, as such, should be dismissed. *See* 28 U.S.C. § 2255(f) (the Antiterrorism and Effective Death Penalty Act of 1996 establishes a one-year statute of limitations for federal inmates seeking post-conviction relief under 28 U.S.C. § 2255).

Upon review, the Court finds that Holland's Section 924(c) conviction on Count Four should be vacated and that he should be resentenced on Count One. *See United States v. Reece*, 938 F.3d 630, 636 (5th Cir. 2019) ("In some cases, when we reverse convictions or sentences on fewer than all counts, the aggregate sentence must be unbundled, and the defendant must be resentenced on all counts." (quoting *United States v. Clark*, 816 F.3d 350, 360 (5th Cir. 2016))); *United States v. Saul*, No. 4:18-CV-922-O, Civ. Doc. 21 (N.D. Tex. Sep. 24, 2019) (O'Connor, J.) (vacating Section 924(c) conviction and sentence and ordering full resentencing on the remaining count of conspiracy to commit Hobbs Act robbery).

Accordingly, Holland's Section 2255 motion should be **GRANTED** in part, his Section 924(c) conviction and sentence under Count Four should be **VACATED**, and he should be resentenced on the remaining count of conviction, to-wit: Conspiracy to Interfere with

Commerce by Robbery (Count One).  Holland's remaining claims should be **DISMISSED** as moot or, in the alternative, as untimely.

**SO RECOMMENDED** on June 23, 2020.

RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND
### NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation will be served on all parties in the manner provided by law.  Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b).  An objection must identify the finding or recommendation to which objection is made, the basis for the objection, and the place in the magistrate judge's report and recommendation the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).